IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARBARA Y. JACKSON                                                                              PLAINTIFF

vs.                                        Civil No. 1:06-cv-01091

MICHAEL J. ASTRUE[1]                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara Y. Jackson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 12).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI now before this Court were filed on October 19,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

2004.[3] (Tr. 184-187). The SSI application alleges on onset date of June 1, 2004. (Tr. 184). In the SSI application, Plaintiff alleges she is disabled due to Chronic Obstructive Pulmonary Disease (COPD), high blood pressure, sleep apnea, obesity, arthritis, and illiteracy. (Tr. 184).

Plaintiff's applications were initially denied on January 31, 2005 and were denied again on reconsideration on April 6, 2005. (Tr. 36-39, 188-195). Plaintiff requested an administrative hearing which was held on February 7, 2006 in El Dorado, Arkansas. (Tr. 196-233). Plaintiff was present and was represented by an attorney, Denver Thornton, at the hearing. *See id.* Plaintiff and Tyra Watts, a Vocational Expert ("VE"), testified at this hearing. *See id.* At the time of the hearing, Plaintiff was forty-nine (49) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had completed the fifth or sixth grade in school.[4] (Tr. 200-207).

On May 26, 2004, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 15-28). The ALJ determined that Plaintiff met the insured status requirements of the Act on her alleged onset date and continued to meet them through March 31, 2007. (Tr. 17, Finding 1). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 17, Finding 2). The ALJ determined Plaintiff had a history of asthma and COPD, moderate hypertension, osteoarthritis of the neck and back, and a history of continued tobacco abuse and/or use against medical advice. (Tr. 17, Finding 3). The ALJ determined these were severe impairments but did not find that Plaintiff had an impairment or a combination of impairments that met or medically equaled one of the listed impairments in

---

[3] Plaintiff's application for DIB was not included in the record. The record, however, indicates that this application was filed on October 19, 2004, along with Plaintiff's application for SSI.

[4] At the hearing, Plaintiff did not clearly specify which grade she had completed. At some points during the hearing, she indicated that she had completed fifth or sixth grade while, at other points during the hearing, she indicated that she had completed the tenth grade. (Tr. 204-207).

Appendix 1, Subpart P, Regulation No. 4.  (Tr. 18, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 18-27, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to Social Security Regulation ("SSR") 96-7p and *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) and determined that Plaintiff's testimony was not fully credible. *See id.*  The ALJ then gave reduced weight to Plaintiff's allegations regarding her pain and limitations to the extent they impact her ability to do basic work. *See id.*  Second, the ALJ determined Plaintiff's RFC. (Tr. 18, Finding 5).  Specifically, the ALJ determined Plaintiff retained the RFC to perform the following:

> To lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently . . . the ability to stand and/or walk at least 6-8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to sit without significant restriction. . . . the ability to occasionally climb, stoop, crouch, kneel and/or crawl . . . [she] would experience mild to moderate pain with the use of over-the-counter and/or prescription medications.  Based on a history of asthma/COPD (amenable to medical control), the claimant should avoid work in or around temperature extremes, excessive dust or fumes. . . . in consideration of the claimant's history of high borderline intellectual functioning, she would be limited to simple unskilled work involving rote work activity, with the ability to understand, remember and carry out simple, concrete instructions. . . . [she] would experience no significant restrictions related to the ability to interact appropriately with supervisors, co-workers and/or the public.

*See id.*

Based upon this RFC determination, the ALJ found that Plaintiff could perform her Past Relevant Work ("PRW").  (Tr. 27, Finding 6).  Vocational Expert ("VE") Tyra Watts, an independent vocational expert, testified at the hearing and addressed this issue.  (Tr. 229-233).  The VE testified that Plaintiff's PRW included work as a cashier, which has a DOT code of 211.462-010, and is light, unskilled work. (Tr. 229).  The VE testified that a hypothetical person the same age as Plaintiff and with the same RFC and education could still perform Plaintiff's PRW as a cashier. (Tr.

3

229-233). Based upon the VE's testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 28, Finding 7).

On September 6, 2006, the Appeals Council declined to review the ALJ's May 26, 2004 hearing decision. (Tr. 8-10). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 8, 13). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming that the ALJ erred by failing to properly consider all of Plaintiff's medical records. (Doc. No. 8, Pages 3-14). Specifically, Plaintiff claims the following: (A) the ALJ erred by disregarding the opinion of Plaintiff's physicians, Dr. Williams and

Dr. Battles; (B) the ALJ erred by failing to properly consider Plaintiff's claim that she could not afford medical treatment; and (C) the ALJ erred by failing to fully and fairly develop the record. *See id.*

In response, Defendant claims that the ALJ considered the opinion of Dr. Williams, Plaintiff's treating physician, and properly disregarded his opinion because it was not consistent with Plaintiff's medical records as a whole. (Doc. No. 13, Pages 9-10). In response to Plaintiff's claim regarding Dr. Battles, Defendant claims that her opinion is not entitled to any controlling weight because she only examined Plaintiff on one occasion and even that examination was only performed "in an effort to generate evidence for the current appeal." *See id.* at 11. Furthermore, Defendant claims that the ALJ considered, and then properly disregarded, Plaintiff's claim that she could not afford follow-up medical treatment. *See id.* at 7. The ALJ based this determination upon the fact that Plaintiff presented no evidence that she made an effort to take advantage of any available alternative or low-cost medical assistance programs. *See id.* at 7. Defendant also claims that the ALJ satisfied his duty to fully and fairly develop the record and that the record "contained sufficient medical evidence for the ALJ to make an informed decision about Plaintiff's impairments." *Id.* at 13.

**A. Opinions of Plaintiff's Physicians**

Plaintiff claims that her two physicians, Dr. Williams and Dr. Battles, both determined that she is disabled and argues that the ALJ erred in failing to adopt the opinions of these two physicians. (Doc. No. 8, Pages 4-13). In response, Defendant argues that the ALJ properly failed to give controlling weight to Dr. Williams's opinion that Plaintiff is disabled. *See id* at 9. Defendant claims that Dr. Williams's treatment notes do not indicate that Plaintiff is disabled, and these notes do not place any work restrictions on Plaintiff. Defendant claims that, without some support in the record, Dr. William's opinion that Plaintiff is disabled is just a bare opinion that is not entitled to any

controlling weight. *See id.* Defendant also claims that Dr. Battles was not one of Plaintiff's treating physicians because she had only examined Plaintiff once, that her opinion was obtained by Plaintiff for the purposes of this appeal, and that her opinion is also not entitled to any controlling weight. *See id.*

This Court finds that the ALJ's decision to disregard the opinions of Plaintiff's physicians, Dr. Williams and Dr. Battles, is supported by the record and should be affirmed. First, the ALJ did not err in disregarding the opinion of Plaintiff's treating physician, Dr. Williams. Dr. Williams has been treating Plaintiff for twenty-five (25) years. (Tr. 100). Dr. Williams stated in a letter to the State of Arkansas (Disability Determinations) that Plaintiff's "progressive health problems are disabling [and] unlikely to improve." (Tr. 100). Dr. Williams stated that Plaintiff is disabled because she suffers from the following: "1. Respiratory allergy with asthma and COPD. . . . sleep apnea. 2. Hypertension, moderate. 3. Slow learner. 4. Osteoarthritis, back and neck. 5. Inability to quit smoking and to lose weight." *See id.* Dr. Williams's treatment notes, however, do not indicate that he had ever placed any work restrictions on Plaintiff or ever instructed Plaintiff to not work because of her health condition. (Tr. 101-105). In fact, Dr. Williams's five pages of treatment notes only show that Plaintiff received treatment during the month of September of 2004 but do not supply any other specifics. *See id.* Dr. Williams's bare allegation that Plaintiff is disabled, without more, is not entitled to any controlling weight. *See* 20 C.F.R. § 404.1527(d); *Choate v. Barnhart,* 457 F.3d 865, 870 (8th Cir. 2006) (holding that an ALJ is permitted to disregard a treating physician's opinion that is only based upon a "conclusory statement, unsupported by the objective medical evidence").

Second, the ALJ did not err in disregarding the opinion of Plaintiff's physician, Dr. Battles. Plaintiff claims that the ALJ erred in failing to give *at least some* weight to the opinion of Dr. Battles. (Doc. No. 8, Page 10-11). Dr. Battles's opinion, written on a prescription form, was that

7

Plaintiff is "presently disabled totally secondary to asthma, uncontrollable hypertension, and severe shortness of breath." (Tr. 177). The record indicates that Dr. Battles only examined Plaintiff on one occasion, December 12, 2005, and was not one of Plaintiff's treating physicians.[5] (Tr. 175-183). The record also indicates that Plaintiff was examined by Dr. Battles primarily to obtain evidence in support of her disability claim and "to establish Dr. Battles as [her] doctor . . ." (Tr. 24, 179). Only a treating physician's opinion is entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d). Because Dr. Battles only examined Plaintiff once and because Plaintiff was apparently only examined in order to bolster her disability claim, the ALJ did not error in failing to give this opinion any weight. *See id.*

Furthermore, in his opinion, the ALJ specifically noted that he had "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p." (Tr. 18). Thus, based upon the foregoing, the ALJ did not err by disregarding the opinions of Plaintiff's physicians, Dr. Williams and Dr. Battles.

### B. Plaintiff's Ability to Afford Medical Treatment

Plaintiff argues that the ALJ erred by failing to address her claim that she did not seek further medical treatment and medication because she had insufficient funds. (Doc. No. 8, Page 8). Plaintiff indicates in her argument that had the ALJ properly considered her inability to afford medical treatment, the ALJ would have excused her failure to seek follow-up medical treatment. *See id.* In response, Defendant argues that the ALJ properly considered Plaintiff's claimed inability to pay for her medical care but notes that this claimed inability is not an excuse for not obtaining follow-up medical care. (Doc. No. 13, Page 7). Defendant claims that, in order to be excused for her failure

---

[5] Plaintiff appears to have had a second appointment with Dr. Battles on December 22, 2005, but she was a "no show" to that appointment. (Tr. 175-176).

to seek follow-up medical care, Plaintiff is required to show not only that she had insufficient funds to obtain additional medical care, but she is also required to show that she tried but failed to obtain alternative or low-cost medical assistance. *See id.*  Defendant argues that since this showing has not been made, Plaintiff is not entitled to have the ALJ alter his disability determination based upon the fact hat Plaintiff could not afford follow-up medical treatment.

This Court finds that the ALJ did not error in finding that Plaintiff's claimed inability to afford medical treatment did not justify her failure to seek follow-up treatment.  The Eighth Circuit has held that financial hardship is not severe enough to justify a failure to seek medical treatment when there is no evidence that the claimant sought to obtain any alternative or low-cost medical treatment.  *See Murphy v. Sullivan,* 953  F.2d 383, 386-87 (8th Cir. 1992).  Plaintiff has not established that she sought to obtain any type of alternative or low-cost treatment; therefore, her financial hardship is not severe enough to justify her failure to seek additional medical treatment. *See id.*

### C. ALJ's Record Development

Plaintiff claims that the ALJ failed to develop the record in this case by failing to seek evidence from another medical expert, failing to request an orthopedic evaluation of Plaintiff's back and arthritic problems, and failing to obtain pulmonary studies.  (Doc. No. 8, Pages 4, 12, 14).  Defendant acknowledges that the ALJ has a duty to fully and fairly develop the record.  (Doc. No. 13, Page 13).   Defendant, however, argues that the ALJ is not required to order a consultative examination for every alleged impairment and that the ALJ, in this case, properly based his determination upon substantial evidence in the record.  *See id.*

In order for a plaintiff to establish that a case should be reversed and remanded to the ALJ due to the ALJ's failure to fully and fairly develop the record, a plaintiff must establish that he or she

was prejudiced by the ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not indicated to this Court how she was prejudiced by the ALJ's claimed failure to develop the record. Plaintiff merely claims that the ALJ failed to develop the record. (Doc. No. 8, Pages 4, 12, 14). This showing is insufficient. Absent a showing of prejudice, this Court should not reverse and remand Plaintiff's case due to the fact that the ALJ potentially failed to develop the record. *See Onstad,* 999 F.2d at 1234.

Furthermore, it is important to note that, for purposes of this appeal, the ALJ's disability determination is supported by substantial evidence in the record. First, Dr. Salb's January 2005 consultative examination supports the ALJ's disability determination. (Tr. 109-115). Dr. Salb's examination showed a normal range of motion in all joints as well as normal gait and posture, and Dr. Salb observed no muscle spasms, weakness, or atrophy. *See id.* Dr. Salb also found that both Plaintiff's hypertension and her COPD are, at least partly, controlled with medication. *See id.* Second, Dr. Spellman's January 2005 Intellectual Assessment and Evaluation of Adaptive Functioning supports the ALJ's disability determination. (Tr. 116-121). Dr. Spellman, a psychologist, examined Plaintiff and determined that Plaintiff functions within the high borderline range of intellectual ability. *See id.* Dr. Spellman also reported that Plaintiff has no difficulty "getting along with family members, neighbors or anyone else in the community" and that Plaintiff could count money fairly well and could make change. (Tr. 119-120).

Third and finally, Plaintiff's own conduct supports the ALJ's disability determination. The record indicates that Plaintiff smokes, and she continues to smoke against medical advice. (Tr. 100-101, 116, 172). Plaintiff's failure to stop smoking despite physician's orders and her respiratory problems (COPD and asthma) is a ground for denying disability benefits. *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997) (holding that the ALJ properly denied disability benefits to a

claimant who suffered from respiratory problems but refused to stop smoking).

## 4. Conclusion:

Based on the foregoing, the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of August, 2007.**

                                             /s/   Barry A. Bryant  
                                             Honorable Barry A. Bryant  
                                             United States Magistrate Judge